**NESTER, Exr., etc. v. KARAVAS**

Ohio Appeals, 2nd Dist., Franklin Co.
No 1772. Decided Jan. 7, 1930

Harry P. Nester, Columbus, for Nester.
E. J. Greely, Columbus, for Karavas.

ALLREAD, J.

It is urged that the trial court erred in not sustaining the objection of counsel for the plaintiff in error to the second cause of action made at the close of the evidence. This objection was based upon a failure of evidence to show the adultery therein charged. It is true that there was no direct or positive evidence to prove adultery but the indirect evidence was sufficient to carry the question to the jury.

Coming to the sufficiency of the evidence we find that there is a conflict of evidence upon the issues tendered by the plaintiff; first, as to whether the defendant below knew of the fact that the women with whom he was associating was in fact the wife of the plaintiff, and as to whether his action was the cause of the separation. Upon both of these issues the jury had a right under the evidence to return a verdict in favor of the plaintiff, and we find that the verdict, at least so far as it is in favor of the plaintiff, is sustained by the evidence and is not contrary to the weight thereof. There is enough evidence of a circumstantial nature in the case to justify the jury in finding that the association of the defendant, Louis, with the plaintiff's wife was not innocent, as he claimed on the trial. The nature and extent of such associations and the gifts made by Louis to the plaintiff's wife might, in the judgment of the jury, be sufficient to show that the defendant, Louis, was guilty of adultery, and such verdict is not contrary to the weight of the evidence.

The next question is as to the amount of the verdict. We have carefully examined this question and find that the amount is not so large as to justify the finding by this Court that the same was returned under the influence of passion and prejudice of the jury, or that the amount is excessive.

We therefore find that there is no prejudicial error in the reocrd and that the judgment must be affirmed.

KUNKLE, P.J., and HORNBECK, J., concur.